IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2011 JUL 20 A 8:52

Justina Defigueiredo,

Plaintiff,

v.

Michael J. Astrue, Commissioner of Social Security,

Defendant.

Civil Action No. 2:10-1379-RMG

**ORDER**

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42. U.S.C. § 405(g). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that the decision of the Commissioner denying benefits be affirmed. (Dkt. No. 15). Plaintiff has failed to object to the Magistrate Judge's Report and Recommendation. After a review for errors of law, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner to deny benefits.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the Federal Judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

**Discussion**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision. (Dkt. No. 15). Plaintiff filed an application for DIB on March 16, 2006. (Tr. at 82-85). The application was denied initially and on reconsideration. After a hearing before an administrative law judge (ALJ) was requested, the ALJ found Plaintiff was not disabled on or before December 31, 2005, the date she was last insured for purposes of DIB. (Tr. at 6-17). Plaintiff's request for review was thereafter denied by the Appeals Council, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review. (Tr. at 1-4). On May 27, 2010 Plaintiff filed this action to obtain judicial review of the Commissioner's final decision. (Dkt. No. 1).

In order to be considered "disabled within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. The regulations require the ALJ to consider, in sequence:

> (1) whether the claimant is engaged in substantial gainful activity;
> (2) whether the claimant has a "severe" impairment;
> (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
> (4) whether the claimant can perform his past relevant work; and
> (5) whether the claimant's impairments prevent him from doing any other kind of work.

20. C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in the process, review does not proceed to the next step. *Id.*

At the administrative level, after a thorough review of the evidence and testimony in the case, the ALJ concluded that Plaintiff was not disabled on or before December 31, 2005, the date she was last insured for purposes of DIB and, therefore, not entitled to benefits. (Tr. at 6-17). The Court finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act and could perform at medium work capacity. Accordingly, the denial of benefits is affirmed as detailed herein.

**I. Background**

Plaintiff was 54 years old on her alleged onset date of March 1, 2003, when she alleges she became unable to work due to rheumatoid arthritis and osteoarthritis, and was 57 years old on the date she was last insured for DIB. (Tr. at 25, 82, 107, 141). Plaintiff has an eighth-grade education, and past work experience as a warehouse worker/stocker. (Tr. at 27-28, 43-44, 87-89, 91, 96-102, 108, 117-124).

In contending the ALJ erred in failing to find her disabled, the Plaintiff raises the following issues: (1) Whether the ALJ erred in finding that the Plaintiff has the residual functional capacity ("RFC") to engage in a full range of medium work; (2) Whether the ALJ erred in ignoring vocational evidence that the claimant did not retain the capacity for her past relevant work; and (3) Whether the ALJ erred in finding that the Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms are not substantiated by the record and is not credible. (Dkt. No. 9 at 1).

## II. Law/Analysis

### A. Plaintiff's RFC[1]

First, Plaintiff contends that the ALJ erred in finding she had the RFC to perform a full range of medium work[2] and that the effect of her limitations in standing, walking, and using her hands was failed to be considered. Specifically, Plaintiff contends the ALJ misconstrued Dr. Patel's opinion and appears to assert that the ALJ did not accord proper weight to the opinion of Dr. Patel with regard to her limitations.

Typically the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability." *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "If [the Commissioner] finds that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptably clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, [the Commissioner] will give it controlling weight." *Id.*

However, if controlling weight is not accorded, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Ruling 96-2p requires that an ALJ give specific

---

[1] The Social Security Regulations define residual functional capacity as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a).

[2] Medium work is defined in 20 C.F.R. § 404.1567(c) as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary or light work." 20 C.F.R. § 416.967(c).

reasons for the weight given to a treating physician's medical opinion. Social Security Ruling (SSR) 96-2p, 1996 WL 374188.

Here, after several examinations of Plaintiff over two years, in November of 2006, Dr. Patel completed a "Residual Functional Capacity Questionnaire" form by checking boxes indicating that Plaintiff could sit for 45 minutes and stand for one hour at one time, sit and stand/walk for at least six hours in an eight hour workday, frequently lift less than ten pounds, and occasionally lift up to fifty pounds, stoop, crouch, and climb. (Tr. at 236-38). There were no questions pertaining to Plaintiff's ability to grasp, hold, or turn objects and Dr. Patel left blank the question asking what is the earliest date to which the limitations apply. (Tr.at 238).

The ALJ found Dr. Patel's assessment was "generally consistent with the ability to perform medium work" and "essentially consistent with capacity for the full range of medium work." (Tr. at 14-15). However, the ALJ also stated Dr. Patel's "progress notes reveal no limitations or impairments regarding the [Plaintiff's] lumbar spine and no signs of persisting impaired strength or instability or her spine or extremity joints." (Tr. at 14). Furthermore, the vocational specialist concluded that Plaintiff's "manipulative restrictions [are] mild and has no significant impact on medium range." (Tr. at135).

Additionally, the ALJ noted Dr. Patel made his assessment in November 2006, almost one year after Plaintiff's insured status had expired, and Plaintiff had not seen Dr. Patel between June and December 2004 and then not again until December 2005. (Tr. at 14-15). Thus, the ALJ noted that although Dr. Patel's assessment should be given significant weight as it coincides with the medical findings of mild arthritis, the ALJ found Dr. Patel's assessment was not entitled to controlling weight because Dr. Patel did not indicate the first date covered by the assessment and his progress notes, which showed good strength and mobility, did not support the restrictions

set forth by Dr. Patel. (Tr. at 15). After considering the whole record, the ALJ concluded Plaintiff had the RFC to perform medium work during the time period before her insured status expired and he further noted that there was no evidence in the record from other treating sources that suggested greater limitations. *Id.*

Here, the ALJ's RFC assessment and finding that Plaintiff had the RFC to perform a full range of medium work is supported by substantial evidence. First, the ALJ's decision to discount Dr. Patel's opinion was based partly on the conflict between his opinions and his treatment notes. *See Montgomery v. Chater*, No. 95-2851, 1997 WL 76937, at * 1 (4th Cir. Feb.25, 1997) (upholding ALJ's finding that treating physician's opinion was not persuasive because, among other reasons, his opinion was contradicted by contemporaneous treatment records); *see also Garrett v. Astrue*, C/A 09-0798-JFA, 2010 WL 1497666, *5 (Jan.21, 2010) (same). Furthermore, as noted by the ALJ, Dr. Patel rendered his opinion almost one year after Plaintiff's insured status had expired. (Tr. at14). *See Cox v. Barnhart*, 471 F.3d 902, 907 (4th Cir. 2006) (holding ALJ could give treating physician's opinion less deference because it was rendered three years after claimant's insured status expired). Finally, the ALJ further found that Dr. Patel did not relate his opinion back to the relevant period, i.e. before Plaintiff's insured status expired. (Tr. at 15).

Thus, this Court finds substantial evidence supports the ALJ's decision in regard to Dr. Patel's opinion. *See Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999) ("An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weigh afforded a particular opinion.") (internal citations and quotations omitted).

**B. Past Relevant Work**

Second, Plaintiff contends that the ALJ erred in failing to ask the Vocational Expert ("VE") whether he agreed with the vocational specialist's assessment that Plaintiff did not retain the capacity for her past relevant work as a warehouse stocker.

Under step four of the sequential process, the ALJ must assess the claimant's RFC and determine whether the claimant has an impairment which prevents past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In making this determination, the ALJ can utilize vocational experts, vocational specialists, or other resources to determine whether a claimant can perform his/her past relevant work. 20 C.F.R. § 404.1560(b)(2). In this capacity, a VE can be utilized to "offer expert opinion in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demand's of the claimant's previous work." *Id.* However, at step four, the burden still rests on Plaintiff to prove that she is unable to perform past relevant work. The Plaintiff is required to "show an inability to return to her previous work (i.e., occupation), and not simply to her specific prior job." *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983) (*citing Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981)). Additionally, the ALJ is permitted to rely on the general job categories of the Dictionary of Occupational Titles ("DOT") as presumptively descriptive of a claimant's prior work. *Id.* The ALJ is under an affirmative duty to inquire into conflicts between the VE's testimony and the DOT. *See Haddock v. Apfel*, 196 F.3d 1084, 1087 (4th Cir. 1999) ("We hold that before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point."); *see also Oxendine v.*

*Massanari*, 181 F.Supp.2d 570, 573-75 (E.D.N.C. 2001) (concluding that the Fourth Circuit has adopted the rule set out in *Haddock*).

Here, the ALJ found Plaintiff was capable of performing her past relevant work by relying on the testimony of the VE. (Tr. at 17). The VE's testimony coincided with the DOT and confirmed that Plaintiff's current RFC for a wide range of medium work comported with the requirements of Plaintiff's past relevant work as a warehouse stacker. While the Plaintiff argues that the ALJ erred by not resolving the conflict between the VE's assessment of her exertion level of her past relevant work and the vocational specialist's opinion that Plaintiff did not retain the capacity for her past relevant work, this argument is without merit. First, the vocational specialist merely checked a box to indicate Plaintiff did not have the capacity to return to her past relevant work. Second, there is no evidence in the record that the vocational specialist possessed the vocational expertise required to render such an opinion. (Tr. at 135). Further, Plaintiff was afforded the opportunity to question the VE at the hearing about any alleged conflict between the opinions of the VE and the vocational specialists and Plaintiff declined to do so. (Tr. at 44). Thus, this Court finds that the ALJ properly relied on the vocational expert testimony and determined Plaintiff was capable of performing her past relevant work and was not disabled under the Social Security Act.

**C. Claimant's Testimony**

Lastly, the Plaintiff contends the ALJ erred in finding her testimony not credible. When an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). The United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain

or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). In this matter, only the second step is at issue, during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain[] and the extent to which it affects her ability to work." *Id.*

At issue is whether the ALJ properly evaluated Plaintiff's testimony regarding the intensity and persistence of her pain and the extent to which they affect her ability to work. The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher*, 898 F.2d at 23. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.* "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluation the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." *Craig*, 76 F.3d at 595. A claimant's subjective complaints or testimony of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Id.*

In this case, the ALJ considered the Plaintiff's subjective complaints of disabling pain in conjunction with her abilities to perform daily activities and the medical evidence. The ALJ

noted that the record "does not show any strength deficits, circulatory compromise, neurological deficits, persisting or significant muscle spasms, fasciculations, or muscle atrophy or dystrophy that are often associated with long-standing, severe, or intense pain, physical inactivity, or depression." (Tr. at 16). The ALJ also noted that Plaintiff has continued to respond well to medication with significant improvement and has not experienced any significant adverse side effects or intensive, inpatient, or emergent treatments. Further, the ALJ noted that Plaintiff did not visit her treating physician Dr. Patel on a scheduled basis and went long periods of time between visits "which does not suggest need for intensive or urgent evaluation or treatment or resulting significant daily restrictions even after such a long absence of treatment." (Tr. at 16).

Finally, the ALJ discussed Plaintiff's daily activities and found that Plaintiff continued to participate in a fairly wide array of daily activities. *Id.* After taking the aforementioned into consideration as a whole, the ALJ determined the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible.

Thus, the Record contains substantial evidence supporting the ALJ's finding that Plaintiff's complaints regarding the effects of her symptoms are inconsistent with the record. *See Hines v. Barnhart*, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (noting that a claimant's routine activities, including reading, cooking, exercising, attending church, cleaning house, washing dishes, doing laundry, and visiting, were inconsistent with her complaints). Further, the Plaintiff's medical records show overall improvement in the Plaintiff's depression and that her conditions were generally well-treated with medication. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir.

1986) (finding a condition is not disabling if it can be reasonably controlled by medicine or treatment).

**Conclusion**

For the reasons set forth above, this court concludes that the findings of the ALJ are supported by substantial evidence and adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner to deny benefits.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 19, 2011
Charleston, South Carolina